**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| UNILOC 2017 LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TELESTREAM LLC,<br><br>　　　　Defendant. | C.A. No. 1:19-cv-00182-CFC |

**DEFENDANT TELESTREAM'S OPENING BRIEF
IN SUPPORT OF MOTION TO DISMISS UNILOC'S CLAIMS OF INDUCEMENT AND
<u>CONTRIBUTORY INFRINGEMENT</u>**

Dated: September 19, 2019

**OF COUNSEL:**

Mark D. Fowler (admitted *pro hac vice*)
Carrie Williamson (admitted *pro hac vice*)
Asa Wynn-Grant (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, California 94303-2214
Telephone: (650) 833-2000
Facsimile: (650) 833-2001
mark.fowler@dlapiper.com
carrie.williamson@us.dlapiper.com
asa.wynngrant@us.dlapiper.com

Larissa Bifano (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor,
Boston, Massachusetts 02110-1447
Telephone: (617) 406-6000
Facsimile: (617) 406-6100
larissa.bifano@dlapiper.com

Denise S. Kraft (DE Bar No. 2778)
Brian A. Biggs (DE Bar No. 5591)
Erin E. Larson (DE Bar No. 6616)
**DLA PIPER LLP (US)**
1201 North Market Street, Suite 2100
Wilmington, DE 19801-1147
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
denise.kraft@dlapiper.com
brian.biggs@dlapiper.com
erin.larson@dlapiper.com

*Attorneys for Defendant Telestream LLC*

# **TABLE OF CONTENTS**

**Page**

I. NATURE AND STAGE OF THE PROCEEDINGS ....................................................... 1
II. SUMMARY OF THE ARGUMENT ............................................................................... 1
III. STATEMENT OF FACTS ............................................................................................... 2
IV. LEGAL STANDARDS .................................................................................................... 3
V. ARGUMENT .................................................................................................................... 5
    A. The SAC Affirmatively Demonstrates Vantage's Substantial Non-Infringing Uses .................................................................................................. 5
    B. Uniloc Fails to Allege Specific Intent to Induce Infringement ............................. 8
VI. THE COURT SHOULD DISMISS WITHOUT LEAVE TO AMEND ........................ 10
VII. CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

                                                                                                                                                 **Page(s)**

**Cases**

*Apeldyn Corp. v. Sony Corp.*,
    852 F. Supp. 2d 568 ..........................................................................................................3, 10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...........................................................................................................1, 4

*Bank of Am., N.A. v. Sea-Ya Enterprises, LLC*,
    872 F. Supp. 2d 359 (D. Del. 2012) ......................................................................................10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...........................................................................................................1, 4

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012)............................................................................................4, 6

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
    859 F.3d 1352 (Fed. Cir. 2017), *cert. denied,* 138 S. Ct. 2621 (2018) ......................................5

*Commil USA, LLC v. Cisco Sys., Inc.*,
    135 S. Ct. 1920 (2015).............................................................................................................5

*Deere & Co. v. AGCO Corp.*,
    No. CV 18-827-CFC, 2019 WL 668492 (D. Del. Feb. 19, 2019) ...................................4, 7, 8

*DermaFocus LLC v. Ulthera, Inc.*,
    201 F. Supp. 3d 465 (D. Del. 2016)............................................................................2, 3, 7, 9

*Gasoline Sales, Inc. v. Aero Oil Co.*,
    39 F.3d 70 (3d Cir. 1994) .......................................................................................................10

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011), and (2) ...................................................................................................4

*Golden Blount, Inc. v. Robert H. Peterson Co.*,
    438 F.3d 1354 (Fed. Cir. 2006)................................................................................................4

*Softview LLC v. Apple Inc.*,
    2012 WL ..............................................................................................................................3, 9

*Softview LLC v. Apple Inc.*,
    C.A. No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) .........................................9

*Takeda Pharm. U.S.A., Inc. v. W.-Ward Pharm. Corp.*,
　785 F.3d 625 (Fed. Cir. 2015) ............................................................................................... 8

*Uniloc USA, Inc. v. Logitech, Inc.*,
　No. 18-CV-01304-LHK, 2018 WL 6025597 (N.D. Cal. Nov. 17, 2018) ................................ 9

**Statutes**

35 U.S.C. § 271(b) ........................................................................................................................ 3, 4

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Telestream LLC ("Telestream") respectfully moves this Court for an order dismissing Plaintiff Uniloc 2017 LLC's ("Uniloc") indirect infringement claims of U.S. Patent No. 6,628,712 (the "'712 patent").

## I. NATURE AND STAGE OF THE PROCEEDINGS

Uniloc filed its original complaint on January 30, 2019 asserting direct infringement of three patents, including the '712 patent. D.I. 1. Uniloc filed a First Amended Complaint on April 9, 2019 adding factual allegations regarding the asserted patents. D.I. 12. On August 20, 2019, Plaintiff filed its Second Amended Complaint ("SAC") to add two paragraphs, one alleging inducement and one alleging contributory infringement of the '712 patent. D.I. 38 ¶¶ 28–29, 30 (reference to indirect infringement).  Prior to this second amendment, Plaintiff had alleged only direct infringement of the '712 patent.

## II. SUMMARY OF THE ARGUMENT

Plaintiff's attempt to state a claim for indirect infringement in the Second Amended Complaint falls well short of the pleading requirements of *Iqbal* and *Twombly*.

(1) Should Plaintiff's contributory infringement claim be dismissed? The answer is yes, as Plaintiff baldly asserts that the accused Vantage Media Processing Platform is not suitable for substantial non-infringing uses, despite quoting and relying upon documentation of multiple alternative uses that do not infringe the asserted claims.

(2) Should Plaintiff's inducement claim be dismissed? The answer is yes, because Plaintiff provides no factual allegations how Telestream specifically intended to induce infringement.

Each of these deficiencies is fatal, and the Court should dismiss Plaintiff's indirect infringement claims accordingly.

### III.  STATEMENT OF FACTS

Telestream provides its customers with media editing and distribution products. One such product is the Vantage Media Processing Platform, which is a software package that enables users to upload, assemble, polish, and publish video and audio media. The Vantage Platform automates various elements of video processing across customers' workflows. Using Vantage, customers can quickly and dynamically view, edit, and package video in a number of formats. For example, Vantage enables efficient quality control so that users can remove visual artifacts and other unwanted elements from video during editing, and automates certain common processes like adding subtitles to a video file.

The '712 patent is titled "Seamless Switching of MPEG Video Streams."  D.I. (SAC), ¶ 10. The SAC identifies the "products and services such as Vantage Media Processing Platform including the stitching media functionality in the Vantage service" as "the '712 Accused Infringing Devices" that Plaintiff accuses of infringing claim 4 of the '712 patent, which is titled "Seamless Switching of MPEG Video Streams." *Id.* ¶¶ 21–30. While Plaintiff broadly accuses the Vantage Platform, Plaintiff's allegations ignore the vast majority of Vantage functionality, focusing on a single component of Vantage that it alleges allows users to combine together (or "stitch") multiple input files into a single output file as infringing the '712 patent. *Id.* Plaintiff has made no allegations in any of its three complaints that Vantage's non-stitching functionality infringes the '712 patent. *See* D.I 1(Complaint) ¶¶ 8–22; D.I. 12 (FAC) ¶¶ 8–28; D.I. 38 (SAC) ¶¶ 8–30.

The SAC includes two paragraphs containing its indirect infringement allegations (reproduced below). SAC ¶¶ 28–29.  Uniloc has limited its allegations of indirect infringement to the date of the filing of the complaint and later.  *Id.*

> 28. Telestream has induced infringement of least claim 4 of the '712 patent since the filing of this action on January 30, 2019. *See*, *e.g.*, *DermaFocus LLC v. Ulthera, Inc.*, 201

2

> F. Supp. 3d 465, 470-472 (D. Del. Aug. 16, 2016); *Softview LLC v. Apple Inc.*, 2012 WL 3061027, at *7 (D. Del. July 26, 2012); *Apeldyn Corp. v. Sony Corp.*, 852 F. Supp. 2d 568, 573-74 (D. Del. 2012). Telestream's customers are direct infringers of claim 4 of the '712 patent when customers use the '712 Accused Infringing Devices (*i.e.*, Telestream's Vantage media processing platform) as described above in connection with Telestream's own direct infringement. Having knowledge of its own infringement, Telestream has, since the filing of the complaint, knowingly induced infringement and possessed the specific intent to encourage infringement of its customers by intentionally instructing its customers to infringe through videos, demonstrations, brochures and user guides, such as those located at
> http://www.telestream.net/pdfs/app-notes/app_Vantage_Stitch.pdf;
> http://www.telestream.net/vantage/overview_transcode.htm;
> http://www.telestream.net/vantage/resources.htm#videos;
> http://www.telestream.net/vantage/resources.htm#literature;
> http://www.telestream.net/vantage/tech-specs.htm;
> http://www.telestream.net/vantage/overview.htm;
> http://www.telestream.net/telestream-support/vantage/support.htm;
> http://www.telestream.net/telestream-support/vantage/faq.htm; and
> related domains and subdomains. Telestream is thereby liable for infringement of the '712 patent under 35 U.S.C. § 271(b). . . .[discussing case law]
>
> 29. Telestream is also liable for contributory infringement of least claim 4 of the
> '712 patent since the filing of this action on January 30, 2019 for the same reasons it is liable for induced infringement and the following reasons. The portion of the '712 Accused Infringing Devices that performs the functionality of stitching media in the Vantage service and switching from a first compressed data input stream to a second compressed data input stream, resulting in a compressed data output stream, in the manner described above (which is herein incorporated by reference) is a component of the '712 Accused Infringing Devices and is a material part of the invention of the '712 patent. Since the filing of the complaint, Telestream has knowledge that this component is especially adapted for infringement of the '712 patent based on Uniloc's infringement allegations and is not a staple article suitable for substantial non-infringing use of Telestream's Vantage media processing platform and necessarily infringes when used in the manner described above. *DermaFocus*, 201 F. Supp. 3d at 471-72 [quotation].

SAC ¶¶ 28–29.

### IV. LEGAL STANDARDS

To state a claim for relief under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the

3

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Allegations that "do not permit the court to infer more than the mere possibility of misconduct" are insufficient. *Id.* at 679. Where the plaintiff has "not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, *has no substantial non-infringing uses*, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (emphasis added). "In the context of a claim of contributory infringement under § 271(c), a substantial non-infringing use is any use that is 'not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.'" *Id.* It is the Plaintiff's burden to prove that there are no substantial non-infringing uses. *Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1363 (Fed. Cir. 2006). "Where the product is equally capable of, and interchangeably capable of both infringing and substantial non-infringing uses, a claim for contributory infringement does not lie." *In re Bill of Lading*, 681 F.3d at 1338.

To state a claim for inducement under § 271(b), a plaintiff must plausibly allege that the alleged infringer (1) had "knowledge that the induced acts constitute patent infringement" (*Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011)), and (2) "possessed specific intent to encourage another's infringement." *In re Bill of Lading*, 681 F.3d at 1339 (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)); *Deere & Co. v. AGCO Corp.*, No. CV

4

18-827-CFC, 2019 WL 668492, at *7 (D. Del. Feb. 19, 2019).

The knowledge component requires not only knowledge of the patent but also knowledge that "the induced acts constitute patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015). "The mere knowledge of possible infringement by others does not amount to inducement," rather, a plaintiff must demonstrate "specific intent and action to induce infringement." *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1364 (Fed. Cir. 2017), *cert. denied,* 138 S. Ct. 2621, 201 (2018).

## V.     ARGUMENT

### A.     The SAC Affirmatively Demonstrates Vantage's Substantial Non-Infringing Uses

The SAC's conclusory regurgitation of the contributory infringement elements provides no factual support for the allegation that Vantage has no substantial non-infringing uses. Nor could it—the SAC includes images captured from the Vantage overview page that describe some of the many non-infringing functionalities of the Vantage Media Processing Platform: "Vantage® is a powerful, scalable, software-enabled media processing platform that manages all media services from the camera to the point of distribution. Vantage allows content owners, producers, and distributors to quickly, easily, and cost-effectively ingest, edit, transcode, QC, package, monetize, and distribute their media." SAC ¶ 22 (citing http://www.telestream.net/vantage/overview.htm). Plaintiff directs its contributory infringement allegations only to the portion of Vantage which performs stitching, which the documentation quoted in the SAC describes as integrated into transcoding and encoding processes. SAC ¶ 25 ("Stitching is performed during transcoding . . . Alternatively, Vantage can stitch input files together while encoding the video into a different format, in the same workflow."). But Plaintiff acknowledges that the process of transcoding can be performed without stitching. *Id.* ("The '712 Accused Infringing Devices provide a transcoding

5

system for switching input files that are of different formats to each other or of a different format from the desired output stream."); *see also* ¶ 53 (describing Vantage Transcode Multiscreen without stitching). And Plaintiff makes no allegations that the editing, quality control, packaging, monetization, and distribution components of the Vantage Platform implicate the accused stitching process or infringe the '712 patent.

Plaintiff attempts to avoid these obvious and explicit non-infringing uses by shape-shifting its allegations of contributory infringement to encompass only the stitching functionality. When addressing direct infringement of the '712 patent, Plaintiff defines the "'712 Accused Infringing Devices" as "products and services such as Telestream's Vantage media processing platform." SAC ¶ 21. But in the paragraph alleging contributory infringement, Plaintiff directs its allegations to the "portion of" the Vantage Media Processing Platform that performs the accused stitching function, and notes that this "component" of Vantage "necessarily infringes when used in the manner described above" and is not "suitable for substantial non-infringing use of Telestream's Vantage media processing platform." SAC ¶ 29.

Plaintiff's allegations here are directly analogous to those the Federal Circuit found insufficient in *In re Bill of Lading*. Just as in *Bill of Lading*, Plaintiff's allegations "say nothing more than 'if you use this device to perform the patented method, the device will infringe and has no noninfringing uses.'" 681 F.3d at 1338. But Plaintiff's self-serving tautology fails to address the "relevant inquiry," which "focuses on whether the accused products can be used for purposes *other than* infringement." *Id.* The facts alleged unambiguously demonstrate that the accused product, the Vantage Media Processing Platform, has many non-infringing uses, including the transcoding without stitching described in the SAC, as well as the editing, quality control, packaging, monetization, and distribution components that are not accused of infringing the '712

patent.

Uniloc concludes its contributory infringement allegations by citing to *DermaFocus*. *Id.* ¶ 29 (citing *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 471–72 (D. Del. 2016)). However, unlike Uniloc's SAC, the amended complaint at issue in *DermaFocus* provided factual allegations related to substantial non-infringing use:

> "[E]ach of the Ulthera System components constituting a material part of the infringing Ulthera System is specifically created to perform operations that align with the claimed elements of the patented invention—for example, focusing ultrasound energy in a dermis layer of the region of skin, depositing energy in the dermis layer sufficient to heat tissue within the layer to a temperature ranging from about 47º C. to about 75ºC., etc."

First Am. Compl., *DermaFocus LLC v. Ulthera, Inc.*, C.A. 15-cv-654, D.I. 11 (D. Del. Oct. 6, 2015) ¶ 16.

The *DermaFocus* amended complaint both (1) addresses the accused product as a whole (the Ulthera System) when alleging no substantial non-infringing uses, and (2) provides factual support for its allegations of direct and indirect infringement. *Id.* ¶¶ 10, 15–16. Plaintiff's Second Amended Complaint does neither.

This Court has dismissed allegations of contributory infringement similar to Plaintiff's. *See Deere & Co.*, 2019 WL 668492, at *8. In *Deere*, the plaintiff sought to evade potential non-infringing uses of the products accused of infringement by identifying a specific infringing use of the larger set of accused products. *Id.* at 8 and n.8 (rejecting plaintiff's attempt to narrow the definition of "Accused Infringing Products" to the allegedly infringing functionality for purposes of pleading contributory infringement). Here, Plaintiff defines the "'712 Accused Infringing Devices" as "products and services such as Telestream's Vantage media processing platform," including the accused stitching functionality, *but not excluding* the other functionality not accused of infringing the '712 patent that Plaintiff references elsewhere in the complaint. SAC ¶ 21. Just

7

as in *Deere*, Plaintiff's "failure to allege that those products (i.e., components) have no substantial noninfringing use nullifies its claims for contributory infringement," which should be dismissed. 2019 WL 668492 at *8.

### B. Uniloc Fails to Allege Specific Intent to Induce Infringement

Plaintiff's inducement allegations amount to a single paragraph in the Second Amended Complaint, which alleges that since the original Complaint was filed, Telestream has induced its customers to infringe claim 4 of the '712 patent by "instructing its customers to infringe through videos, demonstrations, brochures and user guides." SAC ¶ 28. The SAC then lists eight Telestream websites that it claims instruct Telestream's customers to infringe. *Id*.

To find inducement based on "advertising an infringing use or instructing how to engage in an infringing use, . . . [those] instructions need to evidence intent to *encourage* infringement. The question is not just whether instructions describ[e] the infringing mode, but whether the instructions teach an infringing use of the device *such that* we are willing to infer from those instructions an affirmative intent to infringe the patent." *Takeda Pharm. U.S.A., Inc. v. W.-Ward Pharm. Corp.*, 785 F.3d 625, 630–31 (Fed. Cir. 2015) (internal citations and quotation marks omitted). "Merely describ[ing] an infringing mode is not the same as recommend[ing], encourag[ing], or promot [ing] an infringing use." *Id.*

Plaintiff's inducement allegations make general reference to certain pages from Telestream's website, but make no allegations as to *how* the content of the alleged "videos, demonstrations, brochures and user guides" affirmatively recommend, encourage, or promote infringing use of the asserted method claim. Instead, Plaintiff's inducement allegation is conclusory, stating that Telestream has "knowingly induced infringement and possessed the specific intent to encourage its customers by intentionally instructing its customers to infringe

8

through videos, demonstrations, brochures and user guides. . . ." SAC ¶ 28. As a result, Plaintiff has failed to allege facts that Telestream actively encouraged infringement knowing that the acts it was encouraging constituted patent infringement (i.e., with a specific intent). It is unclear what "acts" Plaintiff claims Telestream has induced other than conclusory "infringement."

Uniloc has filed nearly identical inducement claims before, and those claims were summarily dismissed as failing to allege specific intent to infringe. Judge Koh, evaluating Uniloc's allegations that defendant Logitech "intentionally instructs its customers to use the Accused Infringing Products in a manner that infringes through training videos, demonstrations, brochures, installation and user guides, and other instructional and marketing materials," followed by a list of websites, held that Uniloc's "conclusory statements" did not amount to "facts plausibly showing that [Logitech] specifically intended their customers to infringe." *Uniloc USA, Inc. v. Logitech, Inc.*, No. 18-CV-01304-LHK, 2018 WL 6025597, at *2 (N.D. Cal. Nov. 17, 2018).

Plaintiff again cites *DermaFocus* in support of its inducement allegations. SAC ¶ 28. But the *DermaFocus* complaint provided factual support for its indirect infringement allegations far beyond Plaintiff's barebones pleading. There, the court relied on the "information contained in the FAC regarding defendant's promotional and educational materials," which included documentation that the defendant provided educational meetings in order "demonstrate the unique patient and practice benefits of" the accused method. *DermaFocus*, 201 F. Supp. 3d at 471; First Am. Compl., C.A. 15-cv-654, D.I. 11 at Ex. E.

The remaining cases on which Plaintiff relies in SAC paragraph 28 are inapposite. Both *Softview* and *Apelyden Corp.* relate to limiting allegations to post-filing conduct (which Plaintiff has already done) and do not address what is required to plead specific intent. *Softview LLC v. Apple Inc.*, C.A. No. 10-389-LPS, 2012 WL 3061027 at *3 (D. Del. July 26, 2012) ("The Court is

9

not obligated to accept as true bald assertions [or] unsupported conclusions and unwarranted inferences.") (internal citations and quotation marks omitted); *Apelyden Corp. v. Sony Corp* 852 F. Supp. 2d 568, 574 (D. Del. 2012).

## VI. THE COURT SHOULD DISMISS WITHOUT LEAVE TO AMEND

The Court should dismiss these claims without leave to amend. Where, as here, Plaintiff "is not seeking to add claims it inadvertently omitted from its prior complaints or which it did not know about earlier," but rather "modifying its allegations in hopes of remedying factual deficiencies in its prior pleadings," it is appropriate to dismiss without leave to amend further. *Gasoline Sales, Inc. v. Aero Oil Co.*, 39 F.3d 70, 74 (3d Cir. 1994) (affirming district court judgement of dismissal without leave to amend and noting that "three attempts at a proper pleading is enough"). And with respect to Plaintiff's allegations of contributory infringement, Plaintiff's own demonstrations of non-infringing uses would render any further amendment futile. *See Bank of Am., N.A. v. Sea-Ya Enterprises, LLC*, 872 F. Supp. 2d 359, 368 (D. Del. 2012) (denying leave to amend as futile where allegation was contradicted by other facts in the record).

## VII. CONCLUSION

For all of the foregoing reasons, the Court should dismiss Plaintiff's indirect infringement allegations for the '712 patent.

| | |
|---|---|
| Dated: September 19, 2019 | **DLA PIPER LLP (US)** |
| **OF COUNSEL:** | */s/ Denise S. Kraft* |
| | Denise S. Kraft (DE Bar No. 2778) |
| Mark D. Fowler (admitted *pro hac vice*) | Brian A. Biggs (DE Bar No. 5591) |
| Carrie Williamson (admitted *pro hac vice*) | Erin E. Larson (DE Bar No. 6616) |
| Asa Wynn-Grant (admitted *pro hac vice*) | 1201 North Market Street, Suite 2100 |
| **DLA PIPER LLP (US)** | Wilmington, DE 19801-1147 |
| 2000 University Avenue | Telephone: (302) 468-5700 |
| East Palo Alto, California 94303-2214 | Facsimile: (302) 394-2341 |
| Telephone: (650) 833-2000 | denise.kraft@dlapiper.com |
| Facsimile: (650) 833-2001 | brian.biggs@dlapiper.com |
| mark.fowler@dlapiper.com | erin.larson@dlapiper.com |
| carrie.williamson@us.dlapiper.com | |
| asa.wynngrant@us.dlapiper.com | *Attorneys for Defendant Telestream LLC* |
| Larissa Bifano (admitted *pro hac vice*) | |
| **DLA PIPER LLP (US)** | |
| 33 Arch Street, 26th Floor, | |
| Boston, Massachusetts 02110-1447 | |
| Telephone: (617) 406-6000 | |
| Facsimile: (617) 406-6100 | |
| larissa.bifano@dlapiper.com | |